DOUGLAS T. SLOAN, City Attorney
CITY OF FRESNO
By:  Erica M. Camarena, Deputy City Attorney (#227981)
2600 Fresno Street, Room 2031
Fresno, California 93721-3602
Telephone: (559) 621-7500
Facsimile: (559) 488-1084

Attorneys for Defendants FRESNO POLICE
OFFICER ERIC PANABAKER; FRESNO POLICE
SGT. LEN GLEIM; FRESNO POLICE DET. JOHN GOMES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| SHARRON LEFAY; JEFF WALL; SCOTT WALL,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WILLIAM LEFAY; FRESNO POLICE OFFICER ERIC PANABAKER; FRESNO POLICE SGT. LEN GLEIM; FRESNO POLICE DET. JOHN GOMES; DOES 1 TO 10,<br><br>　　　　　Defendants. | Case No.:   1:13-CV-01362-AWI-MJS<br><br>**STIPULATED PROTECTIVE ORDER REGARDING FRESNO POLICE OFFICERS' TRAINING RECORDS AND INTERNAL AFFAIRS INFORMATION**<br><br>**Action Filed:  08/24/13**<br>**Trial Date:     02/17/15** |

WHEREAS the CITY OF FRESNO ("City") believes, in good faith, the following documents requested by Plaintiffs SHARRON LeFAY, JEFF WALL and SCOTT WALL ("Plaintiffs") contains information which is:  (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence:

　　　1.　　City of Fresno Police Officers' training records.

///

1

Sharron LeFay, et al. v. William LeFay, et al.
Case No.:  1:13-CV-01362-AWI-MJS
Stipulated Protective Order – Training Records & IA

CITY ATTORNEY
CITY HALL
FRESNO, CA 93721

2. Any records pertaining to City of Fresno Police Officers obtained in the course of conducting an Internal Affairs Investigation or other citizen complaints.

3. City of Fresno Police Department's Policies and Procedures.

4. City of Fresno Police Department's recorded calls for emergency services.

5. Deposition testimony by any witness regarding any of the above.

IT IS HEREBY STIPULATED by, among and between the parties hereto through their counsel of record, that the documents described above may be designated as "Confidential" by the City and produced subject to the following Protective Order:

1. The disclosed documents shall be used solely in connection with the civil case of *Sharron LeFay, et al. v. City of Fresno, et al,* Case No. 1:13-CV-01362 AWI MJS and in the preparation and trial of the case, or any related proceeding. The City is not waiving any objections to the admissibility of the documents or portions of the documents in future proceedings, including the trial of the matter. City is not waiving the right to redact such documents to protect the privacy of other individuals or officers who may be referenced therein. However, the confidentiality of the document(s) and the restrictions on disclosure may be the subject of motions in limine and/or restrictions by the Court.

2. A party producing the documents and materials described above may designate those materials by affixing a mark labeling them as "Confidential." If any "Confidential" materials cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

3. Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to defense counsel for the CITY OF FRESNO and the following persons:

a) Kevin G. Little, counsel for Plaintiffs; and Plaintiffs in the presence of their attorney and on the condition they do not photograph, copy, take notes of, and/or discuss information contained in those documents.

///

///

CITY ATTORNEY
CITY HALL
FRESNO, CA  93721

Sharron LeFay, et al. v. William LeFay, et al.
Case No.:  1:13-CV-01362-AWI-MJS
Stipulated Protective Order – Training Records & IA

1          b)        David Petrie, counsel for Defendant, William LeFay; and Defendant LeFay; and on the condition they do not photograph, copy, take notes of, and/or discuss information contained in those documents.

        c)        Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

        d)        Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

        e)        Any expert, consultant or investigator retained in connection with this action; and

        f)        The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel.

4.        Prior to the disclosure of any confidential information to any person identified in paragraph 3, each such recipient of confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read. Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms. Such person must also consent to be subject to the jurisdiction of the Eastern District of the United States District Court, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. Counsel for Plaintiffs and Defendant LeFay shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given. The City may not request the identities of these individuals, however, until the final termination of the litigation or if it is able to demonstrate a good faith basis that Plaintiffs, Defendant LeFay, or an agent thereof, has breached the Stipulated Protective Order.

5.        All documents or materials designated as "Confidential" pursuant to this Protective Order, and all papers or documents containing information or materials designated as

///

3

Sharron LeFay, et al. v. William LeFay, et al.
Case No.: 1:13-CV-01362-AWI-MJS
Stipulated Protective Order – Training Records & IA

3

**CITY ATTORNEY**
**CITY HALL**
**FRESNO, CA  93721**

Sharron LeFay, et al. v. William LeFay, et al.
Case No.: 1:13-CV-01362-AWI-MJS
Stipulated Protective Order – Training Records & IA

"Confidential," that are filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document or other information:

> **"This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."**

6.  The designation of information as "Confidential" and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

7.  A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to so applying, the party seeking to reclassify "Confidential" information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

8.  Copies of Confidential Documents.

The following procedures shall be utilized by the parties in production of documents and materials designated "Confidential":

    a)  Plaintiffs' counsel and counsel for Defendant LeFay shall receive one copy of the confidential documents.

    b)  Plaintiffs' counsel and counsel for Defendant LeFay shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the confidential documents to any source *other than* as set forth in paragraph 3 without further order of the Court or authorization from counsel for the City.

    c)  If Plaintiffs or Defendant LeFay, in good faith, requires additional copies of documents marked "Confidential" in preparation of their case, they shall make a further request to

CITY ATTORNEY
CITY HALL
FRESNO, CA  93721

4

Sharron LeFay, et al. v. William LeFay, et al.
Case No.:  1:13-CV-01362-AWI-MJS
Stipulated Protective Order – Training Records & IA

1  counsel for the City.  Upon agreement with counsel for the City, copies will be produced in a timely
2  manner to Plaintiffs or Defendant LeFay, pursuant to the procedures of this Stipulated Protective
3  Order.  Agreement shall not be unreasonably withheld by counsel for the City.

4        d) Plaintiffs and Defendant LeFay shall be billed for the copying of the
5  confidential documents at the City's cost.

6        e) City shall produce documents and material marked "Confidential" to
7  Plaintiffs and Defendant LeFay with a red marking on each page labeled:

8        **"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE**
9        **ORDER! [ATTORNEY'S NAME]"**

10       f) If any document or information designated as "Confidential" pursuant to this
11 Protective Order is used or disclosed during the course of a deposition, that portion of the deposition
12 record reflecting such material shall be stamped with the appropriate designation and access shall be
13 limited pursuant to the terms of this Protective Order.  The court reporter for the deposition shall
14 mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy
15 thereof, in accordance with Paragraph 5 of this Protective Order.  Only individuals who are
16 authorized by this Protective Order to see or receive such material may be present during the
17 discussion or disclosure of such material.

18    9. Notwithstanding the provisions of Paragraph 3, confidential information produced
19 pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any
20 reporter, writer or employee of any trade publication, newspaper, magazine or other media
21 organization.

22    10. Should any information designated Confidential be disclosed, through inadvertence
23 or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing
24 person(s) shall promptly:  (a) inform the City of the recipient(s) and the circumstances of the
25 unauthorized disclosure to the relevant producing person(s); and (b) use best efforts to bind the
26 recipient(s) to the terms of this Protective Order.  No information shall lose its confidential status
27 because it was disclosed to a person not authorized to receive it under this Protective Order.
28 ///

**CITY ATTORNEY**
**CITY HALL**
**FRESNO, CA  93721**

5

Sharron LeFay, et al. v. William LeFay, et al.
Case No.:  1:13-CV-01362-AWI-MJS
Stipulated Protective Order – Training Records & IA

1       11.    After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced, containing "Confidential" information will remain confidential, and if filed with the Court, shall remain under seal. All documents and materials produced to Plaintiffs and Defendant LeFay pursuant to this Stipulated Protective Order shall be returned to counsel for the City in a manner in which counsel will be able to reasonably verify that all documents were returned.  All parties also ensure that all persons to whom "Confidential" documents or materials were disclosed shall be returned to counsel for defendants.  The conclusion of this litigation means a termination of the case following trial or settlement.

      12.    No later than 30 days of settlement or of receiving notice of the entry of an order, judgment, or decree terminating this action, all persons having received the confidential documents shall return said documents to counsel for the City.

      13.    If any party appeals a jury verdict or order terminating the case, counsel for the City shall maintain control of all copies of confidential documents.  If following an appeal, a new trial is ordered, the documents shall be returned to counsel for Plaintiffs.

      14.    This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.  After this action terminates, any party may seek to modify or dissolve this Stipulated Protective Order by Court order for good cause shown or by the parties' stipulation.

///
///
///
///
///
///
///
///

6

CITY ATTORNEY
CITY HALL
FRESNO, CA  93721

Sharron LeFay, et al. v. William LeFay, et al.
Case No.:  1:13-CV-01362-AWI-MJS
Stipulated Protective Order – Training Records & IA

1    15.    The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

DATED:  September 3, 2014.                Respectfully submitted,

                                        DOUGLAS T. SLOAN
                                        City Attorney

                                        By:    /s/ Erica M. Camarena
                                              ERICA M. CAMARENA
                                              Deputy City Attorney

                                        Attorneys for Defendants FRESNO POLICE OFFICER ERIC PANABAKER; FRESNO POLICE SGT. LEN GLEIM; FRESNO POLICE DET. JOHN GOMES

DATED:  September 3, 2014.                LAW OFFICES OF KEVIN G. LITTLE

                                        By:    /s/ Kevin G. Little
                                              KEVIN G. LITTLE

                                        Attorney for Plaintiffs SHARRON LeFAY, JEFF WALL and SCOTT WALL

DATED: September 3, 2014.                 Petrie, Dorfmeier & Morris, LLP

                                        By:    /s/ J. David Petrie
                                              J. DAVID PETRIE, Esq.

                                        Attorney for Defendant WILLIAM LeFAY

CITY ATTORNEY
CITY HALL
FRESNO, CA 93721

7

Sharron LeFay, et al. v. William LeFay, et al.
Case No.:  1:13-CV-01362-AWI-MJS
Stipulated Protective Order – Training Records & IA

## ORDER

Good cause appearing, the above Stipulation is accepted and adopted as the Order of this Court, **subject, however,** to the parties obligation to comply with all Court rules applicable to requests to file documents under seal.  Nothing herein relieves any party from the obligations and standards imposed by such rules.

IT IS SO ORDERED.

Dated:   September 3, 2014         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

CITY ATTORNEY
CITY HALL
FRESNO, CA  93721

Sharron LeFay, et al. v. William LeFay, et al.
Case No.:  1:13-CV-01362-AWI-MJS