IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHARRON LEFAY, et al.,**<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**WILLIAM CHARLES LEFAY, et al.,**<br><br>　　　　　　　　　　　Defendants. | 1:13-cv-01362 AWI MJS<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 67)** |

I.   **INTRODUCTION**

Currently before the Court is Plaintiffs' Motion for Reconsideration of the Court's Order modifying the scheduling order to consider Defendants disclosure of experts as timely.[1] (ECF No. 65.) Defendant City of Fresno opposed the motion. (ECF No 68.) Having taken the matter under submission and having carefully considered the parties' briefs, as well as the entire record in the case, Plaintiffs' Motion for Reconsideration is DENIED.

---

[1] Plaintiffs did not specify whether they sought reconsideration by the issuing Magistrate Judge, or by the District Court Judge. Plaintiffs cited to the general standard for reconsideration under Local Rule 230(j), rather than the procedure for review by a District Court Judge described in Local Rule 303(c), Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(a). Moreover, the request was not captioned as a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling" as required by Local Rule 303. Accordingly, the Magistrate Judge will review the Motion for Reconsideration.

## II. BACKGROUND

### A. Factual Background

This is a 42 U.S.C. § 1983 civil rights action, with multiple supplemental state law claims, arising out of Defendants' actions obtaining a medical commitment of Sharron LeFay against her will under California Welfare and Institutions Code Section 5150. (See generally, 1st Am. Compl., ECF No. 17.) This action was initiated in this Court on August 24, 2013. (Compl., ECF No. 1.) On December 16, 2013, a Scheduling Order was issued directing the parties to disclose expert witnesses on or before July 18, 2014, with supplementation, if any, of the disclosures to be made on or before August 18, 2014. (Sched. Order, ECF No. 15.) The parties were ordered to complete all discovery by September 19, 2014. (Id.)

At the request of the parties, the Court extended the expert designation deadline to August 18, 2014, and the supplemental designation deadline to September 1, 2014. (Order, ECF No. 30.)

Defendants did not fully comply with the expert disclosure requirements. They timely identified their expert witnesses, but did not timely provide expert reports as required by Fed. R. Civ. P. 26(a)(2).

Plaintiffs' counsel identified Darrel York as a police practices expert and served his written report on Defendants' counsel on August 18, 2014. Counsel for Defendant City of Fresno timely designated Joe Callanan as a police practices expert and Dwight Sievert, M.D., as a psychiatric expert. However service of the reports of these two experts was not made until August 29, 2014, and September 17, 2014, respectively. Defendant William LeFay timely designated a psychiatrist, Howard Terrell, M.D., but did not submit a report.

Plaintiffs objected to Defendants' failure to fully comply with Rule 26(a)(2). In response, Defendants, the City of Fresno and police officers Gleim, Gomez, Vandeursen, and Panabaker (collectively, the "City"), and Defendant William LeFay separately filed motions for an order modifying the Scheduling Order to allow additional

time for expert disclosure and discovery of Defendants' experts. (Mot., ECF No. 38, 40.) The matter was briefed and argued before the Court on October 24, 2014.

In the motions, Defendants attributed their failure to fully disclose experts timely to delays by Plaintiffs. The City argues that it was not able to produce Dr. Sievert's report because it was waiting on Sharron LeFay's medical records and deposition and that it was not able to provide Mr. Callanan's report due to delay in obtaining records from the Sacramento sheriff's office. Defendant William LeFay argued that he was unable to produce Dr. Terrell's expert report due to the delay in obtaining Sharron LeFay's medical records and deposition.

On November 18, 2014, the Court granted Defendants' motions to amend the scheduling order. (ECF No. 65.) The Court found that there was not a willful failure to comply with the rules or bad faith on the part of either of the Defendants, and that all the parties contributed to innocent, good faith delays. Further, the Court found that there was no prejudice created by the delay. The Court noted that there was no prejudice because the "City and its expert have declared under penalty of perjury that the report as belatedly exchanged was drafted without City's expert having considered the Plaintiffs' police practices expert's report." (Order, ECF No. 65 at 10.) To prevent against further prejudice, the Court ordered that Plaintiffs would have the opportunity to depose Defendants' experts and that Defendants' expert on police practices, Joseph Callanan, be limited to those opinions and testimony in his written report and that he not comment on the opinions made by Plaintiffs' expert York in his timely filed report. (Id. at 11-12.)

**B.    The Parties' Arguments**

On November 19, 2014, Plaintiffs moved for reconsideration of the Court's Order modifying the scheduling order. (ECF No. 67.)

Plaintiffs note that Defendant City's expert, Callanan, indeed reviewed and considered York's report when drafting his own and that he did not provide any sworn statements otherwise. Accordingly, Plaintiffs assert that prejudice occurred as Callanan had the benefit of shaping his opinion to respond to the arguments presented in York's

1 report.

2 In opposition, the Defendants argue that both Callanan and Defendants' counsel
3 presented representations under the penalty of perjury that the opinions presented by
4 Callanan in his report were made prior to reviewing York's report.

**III. DISCUSSION**

    **A. Legal Standard**

Eastern District Local Rule 230(j) requires that a party moving for reconsideration show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and why the fact or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j).

To prevail on a motion for reconsideration, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hansen v. Schubert, 459 F.Supp.2d 973, 998 (E.D. Cal. 2006). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted) "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and argument considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2006) (internal citations omitted).

    **B. Analysis**

Plaintiffs point out that in Callanan's report, he lists York's report as one of the materials that he reviewed and considered. (See Callanan Rept. at 8.75, ECF No. 38-1.) In rebuttal, Defendants note that Callanan noted in his report, signed under penalty of perjury, that his opinion stated in the report was prepared prior to his review of Plaintiffs'

depositions or York's report. (Id. at 17.04, 17.06.) Further, Defendant's counsel provided a declaration signed under perjury explaining that she instructed Callanan to finalize the report without reference to Plaintiffs' deposition testimony. (Camarena Decl. at ¶ 7, ECF No. 38-1.)

Plaintiffs have not shown that the Court has committed clear error in its factual determination regarding the contents of Callanan's report. While the Court's initial language may have been imprecise, it is consistent with the undisputed, sworn facts: the opinions in Callanan's report were made prior to, and hence without consideration of, review of York's report or Plaintiff's deposition transcripts. In Section 17 of his report, Callanan explains in detail that the opinions of the report were made before reviewing York's report. It is true that Callanan included York's report on the list of materials he reviewed and considered. However, his more specific statement that he prepared the opinions in his report prior to receipt of York's report is more persuasive. Having been provided York's report, it is understandable that Callanan placed the report on the list of material he had reviewed and considered. However, the statements in section 17 of Callanan's report clearly indicate that the statements and conclusions in his report were completed prior to such review and remained unchanged after his review.

The arguments presented in the motion for reconsideration do not cause the Court to question its finding that the opinions presented in Callanan's report were prepared prior to review of York's report, and that Plaintiffs were not prejudiced by the delay in providing the reports. See e.g., Dally Props., LLC v. Truck Ins. Exch., 2006 U.S. Dist. LEXIS 97166 (W.D. Wash. Jan. 9, 2006). The argument presented in the motion simply restates the argument presented in the underlying motion, and does not show that the Court committed clear error. See Marlyn Nutraceuticals, Inc., 571 F.3d at 880. Accordingly, Plaintiffs' motion for reconsideration is denied.

## IV. **PROCEDURAL CONSIDERATIONS**

In the motion for reconsideration, Plaintiffs request the Court consider several procedural issues including, the lack of a deadline for rebuttal expert designation, the

opportunity to supplement summary judgment proceedings with testimony from defense experts' depositions, and whether the trial is capable of proceeding on the set date. The Court hereby orders that rebuttal experts be designated within fourteen (14) days of issuance of this order. The other matters may be raised, if still at issue, at the pretrial conference currently set before Judge Ishii on January 7, 2015.

**V.   CONCLUSION**

For the reasons discussed herein, Plaintiffs' Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   December 19, 2014              /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE