UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARRON LEFAY; JEFF WALL; SCOTT WALL,<br><br>　　　　　　Plaintiffs<br><br>　　v.<br><br>WILLIAM LEFAY; FRESNO POLICE OFFICER ERIC PANABAKER; FRESNO POLICE SGT. LEN GLEIM; FRESNO POLICE DET. JOHN GOMES; DOES 1 TO 10.<br><br>　　　　　　Defendants | CASE NO. 1:13-CV-01362-AWI-MJS<br><br>ORDER ON APPLICATION FOR RECONSIDERATION REGARDING COURT'S ORDER GRANTING PLAINTIFFS ATTORNEY'S FEES<br><br>(Doc. No. 107) |

　　　This matter involves Defendants' application for reconsideration of the February 13, 2015 decision by the Magistrate Judge on Plaintiffs' motion for attorney's fees.  In this decision, the Magistrate Judge awarded $10,395.00 in attorney's fees to Plaintiffs after previously granting Defendants' motion to modify.  For the reasons below, we deny Defendants' current motion for reconsideration and grant Plaintiffs' request that the fee award be increased by $1,120 for the 3.2 hours spent preparing their opposition to the present motion.

### DEFENDANTS' MOTION

*Factual Background*

　　　This case involves a 42 U.S.C. § 1983 civil rights action, with multiple supplemental state law claims, arising out of Defendants' actions in seeking and obtaining a medical commitment of Sharron Lefay against her will under California Welfare and Institutions Code section 5150.  See

Doc. 17. A scheduling conference was held on the matter on December 13, 2013, and on December 16, 2013, a scheduling order was issued directing the parties to disclose expert witnesses on or before July 18, 2014, with supplementation, if any, of the disclosures to be made on or before August 18, 2014. See Doc. 15. The parties were ordered to complete all discovery by September 19, 2014. Id. Upon stipulation of the parties, the Magistrate Judge extended the expert designation date to August 18, 2014, and the supplemental designation deadline to September 1, 2014. See Doc. 30.

Plaintiffs fully complied with the expert disclosure requirements. See Doc. 65, 2:14-17. Defendants did not. Id. They timely identified their expert witnesses in accordance with the court's order, but they did not provide reports of those experts as required by Federal Rule of Civil Procedure 26(a)(2). Id. Plaintiffs objected to Defendants' failure to fully comply with Rule 26(a)(2). On September 19, 2014, Defendants filed motions seeking an order modifying the scheduling order to allow additional time for expert disclosure and discovery of Defendants' experts. See Doc. 38, 40. On November 11, 2014, the Magistrate Judge provided Defendants with the relief they sought, but ordered that Defendants should pay Plaintiffs their reasonable attorney fees incurred in bringing and arguing these motions. See Doc. 65, 12:3-13. On February 13, 2014, after additional briefing, the Magistrate Judge granted Plaintiffs' motion for attorney fees in the amount of $10,395.00. See Doc. 106, 116. On March 3, 2015, Defendants filed the present motion seeking reconsideration of this ruling. See Doc. 108.

*Defendants' Argument*

The thrust of Defendants argument is that the granting of attorney fees against them was not warranted as they prevailed on the underlying motion to modify the schedule. Defendants further emphasize that they did not willfully disobey a court order, engage in bad faith, or gamesmanship; that modifying the scheduling order did not create a disruption of the court's docket; and that in granting the motion the court noted there had been innocent, good faith delays on both sides in the case.

In the alternative, Defendants request this court to reconsider the amount awarded for attorney's fees and challenge numerous individual entries in Plaintiffs' fee invoice. Defendants

argue that they did not present detailed argument to the Magistrate Judge regarding Plaintiffs' itemization of attorney's fees because they did not believe that the court would award attorney's fees. Thus, they focused their arguments on the fact that the fees were unreasonable as a whole. They also mention that they requested in their opposition to the motion for attorney's fees the opportunity to brief challenges to individual entries if the court in fact awarded fees.

*Plaintiffs' Opposition*

Plaintiffs argue that to succeed Defendants have to show that the Magistrate Judge's ruling was clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Defendants did not contest their noncompliance with Federal Rule of Civil Procedure 26(a)(2)(B) by failing to meet the deadline the motion to modify the schedule was based upon. Nor did Defendants dispute that the Magistrate Judge had legal authority to condition his granting the motion on an award of attorney's fees. Indeed, this is permitted by Federal Rule of Civil Procedure 37(c)(1)(A).

Instead, Plaintiffs assert, Defendants are challenging the Magistrate Judge's factual findings, which requires a showing that those findings were clearly erroneous. See 28 U.S.C. § 636(b)(1)(A). Therefore, the argument that the Magistrate Judge's findings do not support his fee ruling fails because Defendants do not provide a copy of those findings, identify which findings in particular are alleged to be clearly erroneous, or make specific arguments as to why any particular findings were in fact clearly erroneous. Likewise, Defendants' challenge to the amount of the fees awarded and the time entries fails to mention any aspect of the Magistrate Judge's ruling. Thus, the Defendants' are arguing these issues as if de novo, instead of in accordance with the clearly erroneous standard.

Plaintiffs also emphasize that Defendants stated their decision not to challenge the amount of the fee award and various time entries was a calculated decision. But absent "exceptional circumstances," a district judge need not entertain arguments raised for the first time in a request for reconsideration of a magistrate judge's order or recommendation. Plaintiffs assert that Defendants' strategic decision to forego the argument does not constitute "exceptional circumstances."

In a footnote, Plaintiffs point out that since the actual ruling was made on the record on February 13, 2015, Defendants' reconsideration motion is untimely under 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(a) because the reconsideration motion was due on February 27, 2015.  Instead, it was filed March 3, 2015.

Last, Plaintiffs' counsel requests the amount of fees awarded by increased by $1,120 for the 3.2 hours spent preparing their opposition to the present motion.

*Legal Standard*

Motions to reconsider are committed to the discretion of the trial court.  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

The court reviews a motion to reconsider a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Rule 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, at *1 (D. Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion.").

*Discussion*

As previously mentioned, Defendants bring two core grounds for reconsideration of the Magistrate Judge's attorney's fees ruling in this matter:  (1) that the attorney's fees ruling as a

1  whole was improper because they prevailed on the underlying motion and (2) that, in the
2  alternative, the amount of the attorney's fees awarded should have been less as individual times
3  entries were erroneous.

4        1.      <u>Attorney's Fees Ruling</u>

5       As to the first ground, a district court must defer to a magistrate judge's non-dispositive
6  order unless it is "clearly erroneous or contrary to law." <u>Grimes v. City & County of San</u>
7  <u>Francisco</u>, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a)).  The Magistrate
8  Judge's February 13, 2015 attorney's fee order was neither clearly erroneous nor contrary to law.
9  In his oral judgment, the Magistrate Judge ruled that:

> "I saw that there was a question as to – well, there was a question as to the – whether the Court had made a clerical error and, in fact, it intended to award fees to the defense as they prevailed on the motion.
> And let me assure you it was not a clerical error.  The Court did exactly what it intended to do and for the reasons I'll discuss here.
> There was a question as to the authority for the fee award.  Federal Rule of Civil Procedure 13(c)(1) was cited in the order.  It was clearly, I think, clearly set forth as the basis for the fee award.  And from a logical standpoint, I don't have the statute right in front of me, but basically it provides that the Court has the authority to award fees in addition to or separate from any other relief that it arises, words to that effect, or it awards, words to that effect.
> In this case, it seems like – it still seems like, to the Court anyway, of course I'm going to justify what I did.  But it seems like a perfectly logical thing to do.  It's clearly authorized under the clear wording of Federal Rule of Civil Procedure 37(c)(1)(A).
> In this case, the defendants failed to comply with a court order.  There was no question but that there was a failure.  The Court's already so found.  The Court was asked to give them relief from that failure.  The Court did.  But found that the – in effect, that the plaintiff should not be penalized as a result of the defendants' failure to comply with the Court order."

Doc. 116, 6:1-7:2.

There is no dispute that defendants did not comply with Federal Rule of Civil Procedure 26(a)(2)(B) when they failed to meet the deadline their motion to modify the schedule was based upon.  The court granted them relief, but awarded attorney's fees against them to ameliorate the prejudice suffered by Plaintiffs.  Federal Rule of Civil Procedure 37(c)(1)(A) explicitly gives the court authority to award expenses, including attorney's fees, where a party fails to make a disclosure required by Rule 26.  Accordingly, the Magistrate Judge's attorney's fee order was neither clearly erroneous nor contrary to law.

5

### 2. Individual Time Entries

Defendants now also challenge for the first time the accuracy of the individual time entries. Because Defendants could have originally presented this argument to the Magistrate Judge, they have improperly raised it for the first time in the instant motion for reconsideration. See Jones v. Sweeney, 2008 WL 3892111, at *2 (E.D.Cal. Aug.21, 2008) (Ishii, C.J.) ("Motions for reconsideration and objections to a Magistrate Judge's order are not the place for a party to make a new argument and raise facts not addressed in his original brief." (citing Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Rosenfeld v. U.S. Dep't of Justice, 57 F.3d 803, 811 (9th Cir. 1995); Nw. Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988))). Absent "exceptional circumstances," a district judge need not entertain arguments raised for the first time in a request for reconsideration of a magistrate judge's order or recommendation. See Sarkist v. Graham Packaging Co., 2014 U.S. Dis. LEXIS 159972 (E.D. Cal. 2014). Defendants state that they did not present detailed argument to the Magistrate Judge regarding Plaintiffs' itemization of attorney's fees because they did not believe that the court would award attorney's fees. They also mention that they requested in their opposition to the motion for attorney's fees the opportunity to brief challenges to individual entries if the court in fact awarded fees. However, the court finds that this strategic decision to forego the argument to the Magistrate Judge does not constitute "exceptional circumstances." Accordingly, this claim fails.

### 3. Additional Costs

Plaintiffs' counsel requests the amount of fees awarded be increased by $1,120 for the 3.2 hours spent preparing their opposition to the present motion. "It's now well established that time spent in preparing fee applications under 42 U.S.C. § 1988 is compensable." Anderson v. Director, OWCP, 91 F.3d 1322, 1325 (9th Cir. 1996). This court does not find merit in Defendants' current motion and accordingly finds it appropriate to increase the amount of the fees awarded by $1,120 for the 3.2 hours Plaintiffs spent preparing their opposition.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' application for reconsideration regarding court's order granting Plaintiffs' attorney's fees is DENIED; and

2. Plaintiffs' request for an increase in the amount of attorney's fees by $1,120 for the 3.2 hours spent preparing their opposition to this motion is GRANTED.

IT IS SO ORDERED.

Dated:  May 8, 2015                              _____
                                                    SENIOR DISTRICT JUDGE