UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARRON LE FAY; JEFF WALL; SCOTT WALL,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM LE FAY; FRESNO POLICE OFFICERS ERIC PANABAKER, DARRYL VAN DUERSEN and SGT. LEN GLEIM; FRESNO POLICE DETECTIVE JOHN GOMEZ; CITY OF FRESNO and DOES 2 to 10,<br><br>Defendants. | CASE NO. 1:13-cv-01362-AWI-MJS<br><br>ORDER ON PLAINTIFFS' OBJECTIONS TO DEFENDANTS' SUBMITTED BILL OF COSTS<br><br>DOC. #'s 95, 96, 97, 98 |

On January 7, 2015, the court granted the motion for summary judgment of Defendants William LeFey, et al. (collectively, "Defendants") as to all claims against all Defendants. Judgment was entered on the same date. On January 21, 2015, defendant William LaFey ("William")[1] submitted a bill of costs and supporting documents. Doc. #95. The remaining Defendants (hereinafter, the "municipal Defendants") filed their bill of costs on the same date. Plaintiffs Sharron LeFey, et al. ("Plaintiffs") filed their opposition to both bills of costs on January 25, 2015. Plaintiffs object to William's bill of costs in its entirety and they object to portions of the bill of costs submitted by the municipal Defendants. Neither William nor the Municipal Defendants filed a response to Plaintiffs' objections. The two bills of cost and Plaintiffs' objections to them will be considered in order.

---

[1] The first name of William LeFay is used to avoid confusion. No disrespect is intended.

**I. Bill of Costs for William LeFay**

Plaintiffs' First Amended Complaint ("FAC") alleged a total of fourteen claims for relief. Of these, claims one through five were claims pursuant to federal statute; the first four claims were pursuant to 28 U.S.C.§ 1983 and the fifth claim was pursuant to 28 U.S.C. § 2201.  Of the five federal claims, the second, third and sixth claims were pled against "all Defendants," including William.  On November 12, 2014, the parties stipulated to the limited amendment of the FAC to restate claims two and three as being alleged against the municipal Defendants only.  The stipulation also dismissed Plaintiffs' sixth claim for relief for violation of California Civil Code section 52.1 as to William only.  The remaining un-dismissed claims against William alleged Plaintiffs' FAC were claims for elder abuse (7th claim), battery (9th claim), conversion (10th claim), intentional infliction of emotional distress (11th claim), failure to disclose community assets (12th claim) and negligence (13th claim), all under California law.

On January 7, 2015, the court granted summary judgment as to all Defendants.  The court's January 7 Order considered each of Plaintiffs' *federal* claims on their merits and concluded that summary judgment as to those claims was appropriate. See generally, Doc. # 83.  The court declined to assert supplementary jurisdiction over the remaining state law claims because those claims were closely related to claims that had been, or could be, asserted in divorce proceedings in state court.  As a consequence, Plaintiffs' state law claims against William were dismissed without prejudice for lack of subject matter jurisdiction; the court never reached the merits of Plaintiffs' state law claims against William.

Plaintiffs object to the bill of costs submitted by William in its entirety based on the ground that William was not a prevailing party for purposes of award of costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.  The court agrees.  In Miles v. State of California, 320 F.3d 986 (9th Cir. 2003), the Ninth Circuit held that "in addition to attorneys' fees requested under the civil rights statute, costs under Rule 54(d) may not be awarded where an underlying

claim is dismissed for lack of subject matter jurisdiction, for in that case the dismissed party is not a "prevailing party" within the meaning of Rule 54(d)." Id. At 988.  As the Miles court pointed out, "[w]here the underlying claim is dismissed for want of jurisdiction, the award of costs is governed by 28 U.S.C. § 1919.  Unlike Rule 54(d), § 1919 is permissive; it allows the district court to award 'just costs,' and does not turn on which party is the 'prevailing party.'" Id. at 988 n.2.

In this action, the court intended that the burden of costs for what are essentially claims arising out of the contested divorce of Plaintiff Sharron LeFay and William should be determined by the court empowered to consider the merits of those claims.  In so holding, the court's purpose is to avoid as much as possible the double counting of the award or burden of costs to either party.  The court therefore will deny William's request for award of costs.

## II. Bill of Costs for the Municipal Defendants

Plaintiffs do not dispute that the municipal Defendants are the prevailing parties for purposes of award of costs pursuant to Rule 54(d).  Rule states that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Id.  While Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party, Russian River Watershed Protection Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998), what can be classified as "costs" is delimited by 28 U.S.C. § 1920.  See Taniguchi v. Kan Pacific Saipan, Ltd., 132 S.Ct. 1997, 2001 (2012) ("we reject the view that 'the discretion granted by Rule 54(d) is a separate source of power to tax as costs expenses not enumerated in § 1920.'") "Taxable costs are listed in 28 U.S.C. § 1920 as follows:"

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and the costs of making of copies of any materials where the copies are necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title;

(6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Plaintiffs' objections to the Municipal Defendants' Bill of Costs challenges costs requested for expert witness fees, transcript costs for deposition testimony, witness fees and fees for service of process. The court will consider each category of objections in turn.

**A. Fees for Police Practices Expert**

Approximately one half of the total of the costs claimed by the municipal Defendants is a fee of $13,550 for "Retained Police Practices Expert Joseph Callanan." The invoices of Joseph Callanan are included at Exhibit "D" to the Declaration of Erica Camarena in Support of Defendants' Bill of Costs. Doc. # 96-1. Included in the exhibit are three invoices for services from Callanan & Associates for $400.00, $5,250.00 and $4,200.00. Upon examination, there are no apparent invoiced items that correspond to any of the compensable categories in section 1920. As Plaintiffs point out, notwithstanding any state provision for the taxing of costs of expert witnesses, it has long been clear that absent clear enumeration of such costs by Congress, the fees normally associated with expert witness are not taxable in federal court under Rule 54. See Henkle v. Chicago, St. P., M. & O. Ry. Co., 284 U.S. 444, 446 (1932). This interpretation is in keeping with the limitation of taxable costs under Rule 54(d) to "'those expenses, including, for example, court fees, that a *court*, will tax against a litigant.'" Taniguchi, 132 S.Ct at 2006.

The court will deny Defendants request for taxation of costs totaling $13,550 representing fees charged by expert witness Callanan.

**B. Fees for Transcription Expenses.**

As noted above, costs of production of transcripts of depositions or court proceedings may be taxed to the extent the transcripts are "necessarily obtained for use in the case." Generally,

4

costs for "stenographic transcript[s] necessarily obtained for use in the case" includes "'the costs of taking and transcribing depositions.'" Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985) (quoting Ramos v. Lamm, 713 F.2d 546, 560 (10th Cir. 1983). "While some cases hold that the costs of depositions are taxable only if they were either introduced in evidence or used at trial, other cases allow the recovery of such costs if the taking of the deposition[s] is shown to have been reasonably necessary in light of the particular situation at the time it was taken." Id. Plaintiffs summarize three conditions under which a deposition transcript would be "necessary" for purposes of taxation of costs as including situations where: "'(1) the case goes to trial and the [deposed] witness testifies; (2) the deposition was admitted into evidence at a trial or hearing, even if the witness did not personally testify; or (3) the deposition was submitted in support of a motion that resulted in the termination of the action.'" Doc. # 98 at 2:18-21 (citing Templeman 770 F.2d at 249). The court agrees with plaintiffs that the third of these circumstances describes the only set of deposition transcripts that were "necessary" for purposes of taxation of costs in this case.

    As the court previously noted, Plaintiffs' First Amended Complaint ("FAC") alleged a total of fourteen claims for relief. Of these, claims one through five were claims pursuant to federal statue; the first four claims were pursuant to 28 U.S.C.§ 1983 and the fifth claim was pursuant to 28 U.S.C. § 2201. Also as previously noted, the court only addressed Plaintiffs' first five claims for relief – the claims arising under federal law – on the merits. Thus, under the criteria set forth above, only costs of production of transcripts necessary to the resolution of those five claims may be taxed. Of the five claims decided on the merits, Plaintiffs' second claim for retaliation under the First Amendment and the third claim for violation of Fourteenth Amendment rights under a class-of-one theory were decided solely on the basis of legal analysis of the claims alleged in Plaintiffs' complaint. No facts based on deposition testimony were referenced. Therefore, no taxable costs for transcription are attributable to those claims. Similarly, Plaintiffs' fourth claim for relief against the City of Fresno under Monell v. Dep't of Soc. Services, 436 U.S.

658 (1978) was determined solely on legal grounds as was Plaintiffs' fifth claim for declaratory relief to expunge the record of being taken into protective custody pursuant to California Health and Welfare Code 5150.

In light of the foregoing, the court concludes that the only claim alleged by Plaintiffs for which production of deposition transcripts was "necessary" was Plaintiffs' first claim for relief for violation of Fourth Amendment rights in connection with the taking of Sharron LeFay into protective custody.  The court has reviewed Defendant's motion for summary judgment, their proffered undisputed material facts and its own Memorandum Opinion and Order and has determined that the transcripts of depositions or oral statements by Sharron Lefay, Jeff Wall, Scott Wall, William LeFay and the officers who had contact with either William LeFay or Sharron LeFey were  necessary for the disposition of the motion for summary judgment.  The court also finds that the transcription of radio traffic during the time of the incident that was the basis of Sharron's LeFey's Fourth Amendment Claim was necessary.  In sum, transcripts necessary to the final disposition of this action and therefore taxable to Plaintiffs include:

```
Deposition of Officer Panabaker                 $119.35
    Related Exhibits to Panabaker Dec.          $129.15
Deposition of William LeFay                     $205.25
Depositions of Jeff and Scott Wall              $1,934.50
Deposition of Officer Van Dursen                $207.50
Deposition of Sharron LeFey, Vo. 1              $281.50
Deposition of Sharron LeFey, Vol. 2             $284.95
Transcription of Recorded Statement             $329.50
Transcription of Radio Dispatch Traffic         $537.25
Deposition of Mary Reimers                      $215.55
_____

Total                                           $4,244.50
```

**C.  Fees for Service of Process**

Defendants submit a total of $2,783.02 in expenses falling under the heading of "Fees for Service of Summons and Subpoenas."  As Plaintiffs note, fees charged by process servers are taxable in this circuit.  See Doc. # 98 at 4:12-14 (citing Aflex Corp. v. Underwriters Lab, Inc., 914

F.2d 175, 178 (9th Cir. 1990). In Aflex, the Ninth Circuit Court of Appeals held that, notwithstanding procedural changes placing most of the responsibility for service of process on private parties, the costs of service of subpoenas and summons may be taxable as costs under section 1920(1) to the extent provided by local rule. See id. With regard to taxation of fees for service of process, Local Rule 54-292 provides "Marshal's fees and fees for service by a person other than the marshal under Fed. R. Civ. P. 54(d) [are taxable] to the extent they do not exceed the amount allowable for the same service by the Marshal (28 U.S.C. §§ 1920(1), 1921)." Id.

Defendants' Bill of Costs lists a total of 9 subpoenas for individual witnesses and 12 subpoenas for records. The total claimed, including fees advanced by the process servers is $2,782.02. This total is inclusive in some cases of certain itemized fees such as fuel fees, separate fees for basic services, preparation and serving of subpoenas, and witness fees advanced by the process servers. The court has inquired as to the fees normally charged by the Marshall's service for service of subpoenas. The basic charge for service in the Fresno area is $80 and for the Sacramento area $70. Allowing for reasonable mileage charges, second attempted service and excluding witness fees, which will be addressed in the next section, the court estimates that the maximum fee allowable for service of subpoenas is $1,700. This is the amount taxable to Plaintiffs.

**D. Witness Fees**

Defendants claim a total of $3000.00 for witness fees not including fees advanced by process servers and requested under fees for service of subpoenas. Invoices for witness fees are presented at Exhibit "C" to the Camarena Declaration. Doc. # 96-1. The invoices presented in Exhibit C include three that appear to have been paid to two physicians and one psychologist for a total of $1,040.00. Since the witnesses whose fees are invoiced did not testify at any court proceeding nor is their deposition testimony part of the record before the court, there is no information upon which the court can find that the fees taxed were within statutory limits.

Similarly, the invoice presented at page 51 of Doc. # 96-1 appears to be an invoice for witness fees in the amount of $2,000.00 payable to the law offices of Darrell J. York. A total of eight hours are billed at a rate of $300 per hour; however, there is no indication of who the witness was or how the $300 per hour rate can be justified given the $40 per day statutory rate. Plaintiffs do not object to the taxation of witness fees in the amount of $200 representing the fees advanced by the process servers to the five individuals who were deponents pursuant to Defendants' subpoenas. Without additional information justifying the remaining claims for witness fees totaling $2,200, the court cannot authorize anything in excess of the amount agreed to by Plaintiffs.

## CONCLUSION AND ORDER

In accord with the foregoing discussion, it is hereby ORDERED that Plaintiff's objection to the Bill of Costs submitted by William LeFay is hereby SUSTAINED in its entirety. Defendant William LeFay may not recover costs related to these proceedings. Plaintiffs' objection to the Bill of Costs submitted by the Municipal Defendants is sustained in part and overruled in part. The amounts taxed to the MunicipalDefendants shall be amended as follows:

| | |
|---|---|
| Fees for Summons and Subpoenas | $1,700.00 |
| Fees for Printed or Electronically Recorded Transcripts | $4,278.70 |
| Witness Fees | $200.00 |
| Copy Costs | $10.00 |
| Other Costs Including Police Expert Fees | -0- |
| TOTAL | $6,188.70 |

IT IS SO ORDERED.

Dated:   November 17, 2015              _____
                                          SENIOR DISTRICT JUDGE

8