7       UNITED STATES DISTRICT COURT

8       EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10 | |
| **SHARRON LEFAY; JEFF WALL; SCOTT WALL,** | **CASE NO. 1:13-CV-01362-AWI-MJS** |
| 11 | **ORDER ON PLAINTIFF'S MOTION FOR WRIT OF EXECUTION AND MOTION FOR SUPPLEMENTAL FEES** |
| 12 **Plaintiffs** | |
| 13 v. | (Doc. No. 129) |
| 14 | |
| 15 **WILLIAM LEFAY; FRESNO POLICE OFFICER ERIC PANABAKER; FRESNO POLICE OFFICER DARRYLL VAN DUERSEN; FRESNO POLICE SGT. LEN GLEIM; FRESNO POLICE DET. JOHN GOMES; DOES 2-10; CITY OF FRESNO,** | |
| 19 **Defendants** | |

20

21   Plaintiffs Sharron LeFay, Jeff Wall and Scott Wall's ("Plaintiffs") motion seeks a writ of

22   execution of judgment pursuant to the Court's award of attorneys' fees against Defendants

23   William LeFay, Fresno Police Officer Eric Panbaker, Fresno Police Sergeant Len Gleim, Fresno

24   Police Detective John Gomez, Darryll Van Deursen, and City of Fresno ("Defendants").[1]

25   Additionally, Plaintiffs seek attorneys' fees for the time spent preparing this motion, as well as

26   attorneys' fees for their opposition to City Defendants' appeal of the Court's award.

27

28   [1] Defendant William LeFay is represented by separate counsel. The remaining defendants are represented by the City of Fresno ("City Defendants").

**PLAINTIFFS' MOTION**

On March 13, 2017, Plaintiffs filed a motion for writ of execution in order to obtain the $11,515 in attorneys' fees owed by Defendants. Doc. No. 129. Plaintiffs also made a motion for supplemental fees in the amount of $4,000: Plaintiffs' counsel spent 8 hours opposing City Defendants' appeal to the Ninth Circuit, and 2 hours preparing the writ of execution. Id.

On April 3, 2017, City Defendants filed an opposition to Plaintiffs' motion for writ of execution and motion for supplemental fees ("Motion").[2] Doc. No. 130. Prior to Plaintiffs filing their Motion, City Defendants had communicated to Plaintiffs that the City was working with co-defense counsel to obtain Defendant LeFay's share of the fees. Doc. No. 130-1. City Defendants also communicated to Plaintiffs that the amount that Defendants owed Plaintiffs could be off-set by the amount Plaintiffs owed the City of Fresno ("City"). Id. Plaintiffs' counsel rejected the proposal of an off-set arrangement. Id. At the time Plaintiffs filed their Motion, the City had already requested a check be made out to Plaintiffs' counsel. Id. On March 31, 2017, Defendants paid Plaintiffs' counsel the $11,515 owed in attorneys' fees in full. Id. As part of their opposition, City Defendants seek $738 in attorneys' fees for opposing this Motion. Id.

**LEGAL DISCUSSION**

*1. Plaintiffs' Motion for Writ of Execution*

Plaintiffs' motion for writ of execution seeks payment for the $11,515 in attorneys' fees owed by Defendants. "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69.

City Defendants have submitted a declaration to this Court from its counsel that Defendants paid Plaintiffs' counsel the attorneys' fees at issue in full as of March 31, 2017. Doc. No. 130-1. Despite the opportunity to reply, Plaintiffs have chosen not to do so. Therefore, given

---

[2] Under the Eastern District of California's Local Rules, April 10, 2017 was the deadline for Plaintiffs to file a reply, if Plaintiffs wished to do so. Local Rule 230(d). As of the date of this order, Plaintiffs have not filed a reply.

the lack of any contradictory evidence, the Court will accept City Defendants' sworn representation that Plaintiffs' counsel has now been paid in full, and will deny the motion for writ of execution as moot.

### 2. *Plaintiffs' Motion for Attorneys' Fees*

Plaintiffs request attorneys' fees for: (1) the 8 hours spent opposing City Defendants' appeal of this Court's award to Plaintiffs of attorneys' fees; and (2) the 2 hours spent preparing Plaintiffs' Motion. The Court will address each request separately.

#### a) Fees for Plaintiffs' opposition to City Defendants' appeal to the Ninth Circuit

Plaintiffs argue that a prevailing party is entitled to seek fees for appellate work if he or she obtains a favorable result, citing Corder v. Brown, 25 F.3d 833, 837 (9th Cir. 1994).[3]

In this case, the Court sanctioned Defendants under Rule 37(c)(1) for failure to comply with Rule 26 and ordered Defendants to pay Plaintiffs' attorneys' fees as a sanction. However, the Court granted summary judgment for Defendants on Plaintiffs' Section 1983 case. Doc. No. 83. Plaintiffs appealed this Court's summary judgment order and City Defendants cross-appealed the sanctions under Rule 37(c)(1). The Ninth Circuit affirmed the Court's order granting summary judgment for Defendants and also affirmed the award of attorneys' fees to Plaintiffs. Plaintiffs assert that they are entitled to a new award of attorneys' fees from this Court for the time spent successfully opposing City Defendants' appeal of the attorneys' fees award to the Ninth Circuit.

Assuming without deciding that Plaintiffs are a "prevailing party" on appeal as to the award of attorneys' fees against Defendants, the Court cannot award Plaintiffs their attorneys' fees for their appellate work before the Ninth Circuit since: (1) Plaintiffs should have made this request directly to the Ninth Circuit, and (2) such a request is now untimely.

---

[3] City Defendants point out that the Ninth Circuit denied Plaintiffs' request for sanctions against City Defendants for appealing this Court's award of attorneys' fees for Plaintiffs. Doc. No. 125 ("Finally, we reject Sharron's contention that the cross-appeal is so lacking in merit that sanctions are appropriate. Although we are affirming the district court's award of fees, we cannot conclude that 'the result is obvious or the . . . arguments are wholly without merit.") City Defendants argue that the Ninth Circuit already rejected Plaintiffs' request for additional fees, as should this Court. However, the Court notes that the Ninth Circuit rejected Plaintiffs' contention that City Defendants' appeal was so lacking in merit that sanctions were warranted under the standard for frivolous appeals. Plaintiffs are now seeking attorneys' fees as a "prevailing party," a request which the Court will evaluate separately.

3

Generally, a district court may not rule on an appellate fee application unless and until the request has been transferred to the district court by the circuit court:

> Plaintiffs' application for attorneys' fees and expenses incurred on appeal in *Cummings I* should have been filed with the Clerk of the Ninth Circuit. Ninth Circuit Rule 39–1.85 authorizes us to transfer a timely-filed fees-on-appeal request to the district court for consideration, but the decision to permit the district court to handle the matter rests with the court of appeals. In the absence of such a transfer, the district court was not authorized to rule on the request for appellate attorney's fees.

Cummings v. Connell, 402 F.3d 936, 947–48 (9th Cir. 2005), amended, 2005 WL 1154321 (9th Cir. May 17, 2005); Barboza v. California Ass'n of Prof'l Firefighters, 2016 WL 3125996, at *10 (E.D. Cal. June 3, 2016) ("If a litigant is eligible for fees incurred in an appeal but requests neither a fee award under Rule 39-1.6 nor a post-appeal transfer under Rule 39-1.8, the district court is not authorized to rule on a post-remand request for attorneys' fees incurred on the appeal.") (citing to Cummings, 402 F.3d at 948); Van Asdale v. Int'l Game, Tech., 2011 WL 2118637, at *14 (D. Nev. May 24, 2011) ("Plaintiffs do not indicate that they made any requests for fees from the circuit court or that they filed a motion to transfer consideration of attorney's fees on appeal. The court recognizes that this may have been an oversight, and that this oversight is met with harsh results; however, the court is without authority to award any appellate fees.")

In this case, while the Court does not decide whether Plaintiffs were eligible for fees incurred in defending against the City Defendants' cross-appeal, Plaintiffs should have made such a request directly to the Ninth Circuit. On the record before this Court, Plaintiffs did not request a fee award under Ninth Circuit Rule 39-1.6 from the Ninth Circuit, nor did Plaintiffs request a post-appeal transfer under Ninth Circuit Rule 39-1.8. Therefore, in these circumstances, the Court is without authority to award Plaintiffs their appellate attorneys' fees.

Further, Plaintiffs' request is untimely. Ninth Circuit Rule 39-1.6(a) states that: "Absent a statutory provision to the contrary, a request for attorneys' fees shall be filed no later than 14 days after the expiration of the period within which a petition for rehearing may be filed, unless a timely petition for rehearing is filed." Generally, a petition for rehearing must be filed within 14 days after entry of judgment. See Ninth Circuit Rule 40(a)(1); Rule 35(c).

Here, City Defendants argue, and Plaintiffs do not dispute, that Plaintiffs' request for attorneys' fees for appellate work before the Ninth Circuit is untimely. The Ninth Circuit entered judgment on the appeal on December 22, 2016. Doc. No. 125. No timely petition for rehearing was filed by either party. Therefore, Plaintiffs' deadline to file a request for attorneys' fees was January 19, 2017. Plaintiffs filed their motion for attorneys' fees for appellate work on March 13, 2017. The Court finds that Plaintiffs' request for appellate attorneys' fees is untimely.

In sum, because Plaintiffs did not file their request for appellate attorneys' fees with the Ninth Circuit and because Plaintiffs' request is also untimely, this Court will not award Plaintiffs their attorneys' fees incurred on appeal.

b) Fees for Plaintiffs' motion for writ of execution

Plaintiffs argue that they are entitled to fees for reasonably necessary post-appeal work that is performed in connection with a fee application, citing Taylor v. Chaing, 2009 WL 453050, at *11-16 (E.D. Cal. Feb. 23, 2009).[4] The Court is not persuaded that Plaintiffs should be awarded attorneys' fees for filing a motion for writ of execution. As City Defendants stated without contradiction, prior to Plaintiffs filing the motion for writ of execution, the parties had engaged in a discussion about a resolution of the fees Defendants owed Plaintiffs. City Defendants told Plaintiffs' counsel that they were working with co-defense counsel to obtain their share of the fees. Further, City Defendants proposed an off-set in an attempt to work out a payment arrangement, which Plaintiffs' counsel rejected. Based on the limited facts before the Court, there were communications between the parties about a payment arrangement of the fees at issue, which call into question whether the time spent by Plaintiffs' counsel preparing a motion for writ of execution was reasonably necessary. The Court will deny Plaintiffs' request for attorneys' fees for time spent preparing the motion for writ of execution.

3. *City Defendants' Motion for Attorneys' Fees*

City Defendants request that the Court consider compensating them for their attorneys' fees in responding to the Motion in the amount of $738. Since City Defendants do not rely on any

---

[4] Report and recommendation adopted sub nom. Taylor v. Chiang, 2009 WL 1119390 (E.D. Cal. Apr. 24, 2009), aff'd sub nom. Taylor v. John Chiang, 405 F. App'x 167 (9th Cir. 2010).

5

statute or rule in their short request to the Court for their attorneys' fees in preparing an opposition, on this basis alone the Court rejects this request as a fatally undeveloped argument.[5] See John-Charles v. California, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011); United States v. Kimble, 107 F.3d 712, 715 n.2 (9th Cir. 1997); see also Jordan v. Binns, 712 F.3d 1123, 1134 (7th Cir. 2013).

Alternatively, to the extent that the City Defendants request that the Court exercise its inherent power to sanction a party for bad faith, the Court finds an insufficient basis to do so. See Haeger v. Goodyear Tire & Rubber Co., 813 F.3d 1233, 1246 (9th Cir. 2016) (recognizing a court's inherent power to award sanctions when the court makes an express finding that the sanctioned behavior constituted bad faith). As a preliminary matter, City Defendants do not argue that Plaintiffs have engaged in bad faith conduct. City Defendants argue that Plaintiffs' motion for writ of execution was moot at the time of filing. However, the Court is not persuaded that Plaintiffs' Motion was filed in bad faith. First, it is undisputed that as of March 13, 2017, the date Plaintiffs filed their Motion, Defendants had not paid Plaintiffs the attorneys' fees that were owed. Second, at the time of Plaintiffs' filing, it was almost 3 months after the December 22, 2016 decision from the Ninth Circuit affirming the award of attorneys' fees for Plaintiffs. Doc. No. 125. While City Defendants maintain that the check for Plaintiffs' counsel had already been requested by the City at the time of Plaintiffs' filing, City Defendants do not assert that they ever communicated that fact to Plaintiffs. Given the facts before the Court, the Court does not find that Plaintiffs' motion for writ of execution and accompanying motion for attorneys' fees was filed in bad faith. Therefore, the Court will deny City Defendants' request for attorneys' fees.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for writ of execution is DENIED as moot;

---

[5] Without citing to any authority, City Defendants also ask the Court to order Plaintiffs to file a satisfaction of judgment. City Defendants' argument is not well developed, which alone constitutes grounds to reject it. See John-Charles v. California, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011); United States v. Kimble, 107 F.3d 712, 715 n.2 (9th Cir. 1997); see also Jordan v. Binns, 712 F.3d 1123, 1134 (7th Cir. 2013). Further, based on the undisputed evidence, this Court has now recognized through this order that Defendants have paid Plaintiffs in full.

2. Plaintiffs' motion for supplemental fees is DENIED; and

3. City Defendants' request for supplemental fees is DENIED.[6]

IT IS SO ORDERED.

Dated:   April 24, 2017

                                         _____
                                        SENIOR DISTRICT JUDGE

---

[6] Now that the attorneys' fees have been paid, the Court does not anticipate any further filings in this closed case.